Edward H. Heller v. Commissioner. Elinor R. Heller v. Commissioner.
Heller v. Commissioner
Docket Nos. 102243, 102244.
United States Tax Court
1943 Tax Ct. Memo LEXIS 387; 1 T.C.M. (CCH) 828; T.C.M. (RIA) 43145; March 25, 1943
*387 Lloyd W. Dinkelspiel, Esq., 14 Montgomery St., San Francisco, Calif., for the petitioners. Harry R. Horrow, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion KERN, Judge: In Docket No. 102243 respondent determined a deficiency in the income tax liability of petitioner, Edward H. Heller for the year ended December 31, 1936 in the sum of $5,449.15. In the petition filed in this docket number petitioner alleges certain errors in such determination as follows: (a) The Commissioner of Internal Revenue erred in determining that the profits from the sale of certain real property were taxable as ordinary gains derived from sales of property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business, and erred in determining that such profits were not capital gains within the capital gains provisions of section 117 of the Revenue Act of 1934; (b) The Commissioner of Internal Revenue erred in including in the income of petitioner ordinary income and dividends of petitioner's three minor children; (c) The Commissioner of Internal Revenue erred in adding to the gross income of petitioner for the calendar year 1936 the sum of $5,054.46, *388 representing an erroneous increase in the partnership income of Schwabacher & Co. reportable by petitioner. At the time when this proceeding was heard, this petitioner and respondent filed a written stipulation reading as follows: The Board may decide adversely to the above-named petitioner the issue involved in this proceeding covered by the assignment of error set forth in subparagraph (a) of paragraph 4 of the petition, in accordance with the decision of the Board of Tax Appeals in the case involving the income tax liability of the above-named petitioner for the years 1934 and 1935, reported in vol. 41, B.T.A. Reports, page 1020. The Board may decide adversely to respondent the issue covered by the assignment of error set forth in subparagraph (b) of paragraph 4 of the petition, except to the extent that $107.89 shall be included in the taxable income of the above-named petitioner and a credit for tax paid at the source in the amount of $17.30, allowed in the notice of deficiency, shall be disallowed. The Board may decide the issue covered by the assignment of error set forth in subparagraph (c) of paragraph 4 of the petition in accordance with a final decision in the case *389 of Albert E. Schwabacher et al. v. Commissioner, recently decided by the Board of Tax Appeals on March 27, 1941 (43 B.T.A. 1177). In accordance with the foregoing, in the event that a final decision referred to in paragraph 3 above shall determine that the correct taxable income of Schwabacher & Co., a partnership, for the calendar year 1936 was the sum of $555,102.30, then the adjusted net income shown in the notice of deficiency in this proceeding in the amount of $82,054.51 shall be reduced by the amount of $8,969.55; the credit for tax paid at the source allowed in the said notice shall be reduced by the amount of $17.30; and the Board may issue its order that there is a deficiency in income tax due from the above-named petitioner for the year 1936 in the amount of $942.39. In the event that a final decision referred to in paragraph 3 above shall determine that the correct taxable income of Schwabacher & Co., a partnership, for the calendar year 1936 was the sum of $546,562.22, then the adjusted net income shown in the notice of deficiency in this proceeding in the amount of $82,054.51 shall be reduced by the amount of $10,209.40; the credit for *390 tax paid at the source allowed in the said notice shall be reduced by the amount of $17.30; and the Board may issue its order that there is a deficiency in income tax due from the above-named petitioner for the year 1936 in the amount of $343.22. In the event that a final decision referred to in paragraph 3 above shall determine that the correct taxable income of Schwabacher & Co., a partnership, for the calendar year 1936 was the sum of $530,102.30, then the adjusted net income shown in the notice of deficiency in this proceeding in the amount of $82,054.51 shall be reduced by the amount of $12,599.06; the credit for tax paid at the source allowed in the said notice shall be reduced by the amount of $17.30; and the Board may issue its order that there has been an overpayment in income tax by the above-named petitioner for the year 1936 in the amount of $778.29. In the event that a final decision referred to in paragraph 3 above shall determine that the correct taxable income of Schwabacher & Co., a partnership, for the calendar year 1936 was the sum of $521,562.22, then the adjusted net income shown in the notice of deficiency in this proceeding in the amount of $82,054.51 shall *391 be reduced by the amount of $13,838.91; the credit for tax paid at the source allowed in the said notice shall be reduced by the amount of $17.30; and the Board may issue its order that there has been an overpayment in income tax by the above-named petitioner for the year 1936 in the amount of $1,303.49. It was also stipulated orally that petitioner paid the amount of tax shown due and payable by his return within three years of the filing of his petition. In docket No. 102244 respondent determined a deficiency in the income tax liability of petitioner Elinor R. Heller for the year 1936 in the sum of $865.61. That part of the deficiency is in issue here which arises by reason of respondent's inclusion in this petitioner's income for the taxable year of $44,096.22, representing her community share in the net profits derived by her husband Edward H. Heller as partner of Schwabacher & Co., instead of the sum of $40,481.68 reported by her. The parties have filed in this docket number the following stipulation: The Board may decide the issue covered by the assignment of error set forth in paragraph 4 of the petition in accordance with a final decision in the case of $ Albert E. Schwabacher, *392 et al. v. Commissioner, recently decided by the Board of Tax Appeals on March 27, 1941 (43 B.T.A. 1177). In accordance with the foregoing, in the event that a final decision referred to in paragraph 1 above shall determine that the correct taxable income of Schwabacher & Co. for the calendar year 1936 was the sum of $555,102.30, then the Board may issue its order that there is a deficiency in income tax due from the above named petitioner for the calendar year 1936 in the amount of $865.61; in the event that a final decision shall determine that the correct taxable income of Schwabacher & Co. for the calendar year 1936 was the sum of $546,562.22, then the Board may issue its order that there is a deficiency in income tax due from the above named petitioner for the calendar year 1936 in the amount of $378.80; in the event that a final decision shall determine that the correct taxable income of Schwabacher & Co. for the calendar year 1936 was the sum of $530,102.30, then the Board may issue its order that there has been an overpayment in income tax by the above named petitioner for the year 1936 in the amount of $559.45; in the event that a final decision *393 shall determine that the correct taxable income of Schwabacher & Co. for the calendar year 1936 was the sum of $521,562.22, then the Board may issue its order that there has been an overpayment in income tax by the above named petitioner for the year 1936 in the amount of $1,044.67. At the hearing herein it was orally stipulated by the parties that the petitioner paid the tax shown due and payable by her tax return within three years of filing her petition herein. On December 12, 1942, the Circuit Court of Appeals for the Ninth Circuit in the case of Mrs. May E. Schwabacher v. Commissioner, 132 Fed. (2d) 516, affirmed our decision in Albert E. Schwabacher et al., 43 B.T.A. 1177, referred to in the stipulation above set forth, and, time for certiorari having expired, our decision in that case is now final. In that decision we affirmed the respondent's determination that the correct taxable income of Schwabacher & Co., a partnership, for the calendar year 1936 was the sum of $555,102.30. In Docket No. 102243, decision will be entered that there is a deficiency in petitioner's income tax for the year ended December 31, *394 1936 in the amount of $942.39. In Docket No. 102244 decision will be entered that there is a deficiency in petitioner's income tax for the year ended December 31, 1936 in the amount of $865.61.